IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TAMMY PENDLEY, | § | |
| Plaintiff, | § | |
| v. | § | |
| CITY OF AMARILLO, | § | 2:24-CV-268-Z-BR |
| Defendant, | § | |
| COLE STANLEY, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANT CITY OF AMARILLO'S MOTION TO DISMISS**

Defendant City of Amarillo's Motion To Dismiss Plaintiff Tammy Pendley's Amended Complaint And Brief In Support, (ECF 16), was referred to the undersigned for findings, conclusions, and recommendations. (ECF 26). Having considered the briefing (ECF 16, 25, 27), appendix (ECF 17), and relevant law, it is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that Defendant City of Amarillo's Motion to Dismiss be granted in part and denied in part.

## I.   BACKGROUND

Plaintiff originally filed this lawsuit in state court. (ECF 1-7 at 1). Defendant City of Amarillo ("Defendant") removed on the basis of federal question jurisdiction and then filed a Motion to Dismiss. (ECF 1 at 3; ECF 6). Shortly thereafter, Plaintiff filed an Amended Complaint. (ECF 11). The Court denied Defendant's first Motion to Dismiss as moot because "Plaintiff provides substantially more facts in her Amended Complaint that would likely alter a dismissal motion's arguments." (ECF 14). Subsequently, Defendant filed a Motion to Dismiss based upon Plaintiff's

Amended Complaint. (ECF 16).

Plaintiff's Amended Complaint alleges that she "was discriminated and retaliated against as a result of her contracting COVID twice and by filing a [Family and Medical Leave Act ("FMLA")] claim to be with her ailing mother." [1] (ECF 11 at 4). Plaintiff claims Defendant's alleged discriminatory actions "violated 42 USC 1983 and Chapter 21 of the Texas Labor Code. Plaintiff suffered discrimination and a hostile work environment as a result of her medical conditions/disabilities and her FMLA request." (*Id*.). Plaintiff seeks "compensatory damages, including back pay, reinstatement, cessation of the discriminatory practices, and attorney fees." (*Id*.).

Plaintiff worked for Defendant from December 23, 2018, to July 11, 2022, first in the Environmental Health Department and then, upon transfer, in the Building Safety Department. (*Id*. at 2) (noting Plaintiff's date of transfer.). Plaintiff alleges that, upon transfer, "she was immediately harassed" by an office manager and co-employee. (*Id*.).

At a meeting called regarding her attendance, Plaintiff was wrongfully accused of "exceeding her allotted time, sick leave [and] [compensatory] time." (*Id*.) ("From this point on, the workplace environment became hostile."). Additionally, she "was formally disciplined [and]…written up several times" for baseless reasons:

> Plaintiff was written up for disobedience [and] failure to write-up a complaint…for "Roofing without a permit"….There was no evidence that any roofing was in progress. …was formally disciplined [and] was written up several times. However, informally they would send someone to ride with her who did not write anything up. Plaintiff was written up for a water meter pull and asked to see proof that she authorized it. The substandard inspection file on the pulled water meter was missing until the [Department] employee…located it on August 30, 2022.

(*Id.* at 3-4). Then, due to her mother's serious illness, Plaintiff received approval for FMLA leave

---

[1] These background facts are taken from Plaintiff's Amended Complaint (ECF 11) and are assumed to be true for the purpose of evaluating the merits of Defendant's Motion to Dismiss (ECF 16).

2

from April 4, 2022, to October 4, 2022. (*Id*. at 2). The harassment from the office manager and co-employee continued throughout Plaintiff's FMLA leave: "They would also go through Plaintiff's desk and take her warrants and go through her mail, not to help with the workload because Plaintiff was on leave, but to find reasons to write her up." (*Id*.).

During Plaintiff's FMLA leave, she contracted COVID-19 twice. (*Id*. at 3). Due to contracting COVID-19 the second time, Plaintiff was out sick for approximately one week. (*Id*.). Approximately three days after her return to work, "Plaintiff was demoted [and] moved to answer phones as a permit tech." (*Id*.). "She was written up upon her return to work for the water meter pull [and] hiding letters." (*Id*.).

In early June of 2022, Plaintiff considered contacting Defendant's human resources department and was encouraged to do so: "Doug [Patrick] said '[I]f you want to you are always welcome to talk with HR. I would just, to have an idea with your FMLA leave, to protect yourself.'" (*Id*.). However, "Plaintiff perceived this as an indication that she shouldn't go and visit with Ms. Palacio." (*Id*.). Then, "Plaintiff contacted [Defendant's] Director of HR on 7/6/2022 via email," but "never got to speak to [human resources] due to her termination." (*Id*.). Plaintiff was terminated on July 11, 2022. (*Id*. at 2).

## II.     STANDARD OF REVIEW

Rule 12(b)(6) provides that a defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007) (cleaned up) (quoting *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Ruiz v.*

*Brennan*, 851 F.3d 464, n.5 (5th Cir. 2017) (cleaned up) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. At this stage, the Court construes well-pled facts in the complaint "as true and 'view[s] them in the light most favorable to the plaintiff.'" *Vardeman v. City of Houston,* 55 F.4th 1045, 1050 (5th Cir. 2022) (quoting *Walker v. Beaumont lndep. Sch. Dist.,* 938 F.3d 724, 735 (5th Cir. 2019) (alteration in original)). But the Court need not accept a plaintiff's conclusory allegations and legal conclusions as true. *Iqbal*, 556 U.S. at 679.

### III.   ANALYSIS

#### A.   Federal Law Causes of Action

In Plaintiff's Response to Motion to Dismiss, she "concedes [D]efendant's motion" on all the federal claims. (ECF 25 at 1). Therefore, Defendant is entitled to dismissal on the federal law causes of action due to Plaintiff's concession, and the undersigned will not analyze those claims according to the standards set forth above. Accordingly, the undersigned recommends Plaintiff's federal claims be dismissed.

### B. State Law Cause of Action

In Plaintiff's Amended Complaint, she expressly states a Chapter 21 of the Texas Labor Code ("Chapter 21") cause of action by pleading:

> Defendants' actions violated…Chapter 21 of the Texas Labor Code. Plaintiff suffered discrimination and a hostile work environment as a result of her medical conditions/disabilities and her FMLA request.

(ECF 11 at 4).

#### 1. Whether Plaintiff abandoned the Chapter 21 claim.

In her Response, Plaintiff asserts that the "only remaining cause of action is her state cause of action. On the state cause of action, this court does not have jurisdiction. There is no diversity jurisdiction and there is no federal question jurisdiction." (ECF 25). Thus, "[P]laintiff respectfully requests this court to remand the state cause of action to the original state court." (*Id*.). Defendant argues that "Plaintiff's failure to defend her claims against the assertions in [Defendant's] Motion constitutes a waiver or abandonment of those claims." (ECF 27 at 3). Defendant also asserts that Plaintiff did not follow the correct procedural avenues in making such a jurisdictional assertion. (*Id*. at 4).

However, the undersigned is not convinced that Plaintiff's statements regarding remand rise to the level of abandonment or failure to defend. Although Plaintiff did not brief the state law claim in response to Defendant's motion, she intends to pursue the claim, in state court, as shown by her urging remand based on the Court's lack of subject matter jurisdiction over the state law claim.

#### 2. Supplemental jurisdiction

The Court has wide discretion whether to exercise supplemental jurisdiction over the state law claim. *See* 28 U.S.C. § 1367; *see also Redburn v. City of Victoria*, 898 F.3d 486, 496–97 (5th Cir. 2018); *Perez v. Physician Assistant Bd*., 765 F. App'x 960, 964 (5th Cir. 2019); *Hall v. Cont'l*

*Airlines, Inc.*, 252 F. App'x 650, 652 (5th Cir. 2007). Courts apply both statutory and common-law factors in making the determination. "No single factor is dispositive" and a court is to consider "the specific circumstances of the case at bar." *Brookshire Bros. Holding v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *see also Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158 (5th Cir. 2011).

28 U.S.C. Section 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Section 1367(c)(3) weighs in favor of the Court declining to exercise supplemental jurisdiction because Plaintiff conceded all federal claims, and the undersigned has recommended dismissal of those claims.

Turning to the common-law factors—judicial economy, convenience, fairness, and comity—both convenience and fairness are neutral. Both this Court and the state court sit in Potter County, Texas, meaning either court is equally convenient for the parties. *See ESI/Emp. Sols., L.P. v. City of Dallas*, 450 F. Supp. 3d 700, 730 (E.D. Tex. 2020). Regarding fairness, that "factor concerns the prejudice to the parties that would arise from dismissal." *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 588 (5th Cir. 1992). The parties' research and briefing "concerning the state law issue will be largely, if not completely, applicable in state court." *ESI/Emp. Sols., L.P.*, 450 F. Supp. 3d at 730. Therefore, neither party will be prejudiced in presenting the arguments for and against dismissal to the state court.

Regarding judicial economy, courts consider the investment of judicial resources and the stage of the proceedings. *Brookshire Bros. Holding*, 554 F.3d, at 602 ("[W]hen a district court declines to exercise jurisdiction over remaining state law claims following the dismissal of all federal-law claims and remands a suit after investing a significant amount of judicial resources in the litigation…that court has abused its discretion under 28 U.S.C. § 1367.") (collecting cases). Here, the case was filed approximately four months ago, and discovery has been temporarily stayed until the end of April 2025 due to the pending motion. (ECF 1); (*see also* ECF 21 at 3). Because the parties have not expended a significant amount of time or judicial resources in this early point in the litigation, this factor weighs in favor of the Court declining jurisdiction. *See Parker & Parsley Petroleum Co.,* 972 F.2d at 587-90.

Comity refers "to a more global deference that includes the interests of the parties, courts, and citizens of the state in having state issues decided by state courts." *ESI/Emp. Sols., L.P.*, 450 F. Supp. 3d at 731 (E.D. Tex. 2020).

> [T]he notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

*Younger v. Harris*, 401 U.S. 37, 44, 91 S. Ct. 746, 750, 27 L. Ed. 2d 669 (1971). Comity, especially when considered in conjunction with the other factors, weighs in favor of the Court declining jurisdiction. Therefore, when considering both the statutory and common-law factors, the undersigned recommends that the Court decline to exercise its supplemental jurisdiction.

### IV.     CONCLUSION AND RECOMMENDATION

It is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that Defendant City of Amarillo's Motion To Dismiss Plaintiff Tammy Pendley's Amended Complaint, (ECF 16), be GRANTED in part and DENIED in part because (1)

7

Plaintiff conceded the federal claims and (2) the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim.

## V.  INSTRUCTIONS FOR SERVICE

The Clerk of Courts is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO ORDERED.

ENTERED April 25, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that they must do so in accordance with the Order previously issued by the undersigned. (ECF 228). Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1), as recognized in ACS Recovery Servs., Inc. v. Griffin, 676 F.3d 512, 521 n.5 (5th Cir. 2012); Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988).